*185 OPINION OF THE COURT
Per Curiam.
Respondent Anthony A. Pastor was admitted to the practice of law in the State of New York by the First Judicial Department on October 29, 2001, under the name Anthony Andrew Pastor. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
Now, by motion dated June 23, 2017, the Attorney Grievance Committee seeks an order, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1) striking respondent’s name from the roll of attorneys on the basis that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e).
Respondent was charged in an indictment, filed in New York County Supreme Court, with aggravated cruelty to animals, a class E felony, and overdriving, torturing and injuring animals, a class A misdemeanor, in violation of sections 353-a (1) and 353 of the Agriculture and Markets Law. On May 9, 2017, respondent was convicted, after a jury trial, of both counts of the indictment. On May 31, 2017, respondent was sentenced to a term of imprisonment of two years on the felony count and one year on the misdemeanor count to run concurrently, he was required to register on the animal abuse registry, final orders of protection were issued and he was banned for 10 years from owning any animals.
Specifically, respondent was found guilty of killing his girlfriend’s dog. At sentencing, Justice Robert Mandelbaum said that respondent’s repeated blows to the dog “showed almost incomprehensible violence, and malice,” that the dog was in “excruciating pain” up until she lost consciousness while respondent “sat down at his computer in the most cold blooded manner, and went to work, knowing that the dog lay dying, ... on the floor behind him.”
Pursuant to Judiciary Law § 90 (4) (a), “Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.” Additionally, pursuant to Judiciary Law § 90 (4) (b), “Whenever any attorney and counsellor-at-law shall be convicted of a felony as defined in paragraph e of this subdivision, there may be presented to the appellate division of the supreme court a certified or *186 exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys.” Judiciary Law § 90 (4) (e) provides, in pertinent part, that “[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state.”
Here, as respondent has been convicted of a felony under the laws of this state, he ceased to be an attorney by operation of law and therefore, his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) and 22 NYCRR 1240.12 (c) (1).
Accordingly, the petition is granted and respondent’s name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 9, 2017.
Kapnick, J.R, Kahn, Gesmer, Kern and Moulton, JJ., concur.
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 9, 2017.